Lionel **LIMA, Jr.; Barbara-Ann Delizo-Lima; Calvin Jon Kirby III, individually and on behalf of all those similarly situated, Plaintiffs-Appellants,**

v.

**DEUTSCHE BANK NATIONAL TRUST COMPANY; The Law Office of David B. Rosen; David B. Rosen, Defendants-Appellees.**

**Evelyn Jane Gibo, individually and on behalf of all others similarly situated, Plaintiff-Appellant,**

v.

**U.S. Bank N.A.; The Law Office of David B. Rosen; David B. Rosen, Defendants-Appellees.**

No. 13-16091, No. 13-16092

United States Court of Appeals, Ninth Circuit.

Argued October 16, 2015

Submitted May 11, 2017

---

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

James J. Bickerton, Attorney, Bickerton Dang, Honolulu, HI, John Francis Perkin, Attorney, Perkin & Faria LLLC, Honolulu, HI, Stanley Herbert Roehrig, Esquire, Attorney, Law Office of Stanley H. Roehrig, Hilo, HI, for Plaintiffs-Appellants

Bernard James Garbutt, III, Attorney, Morgan, Lewis & Bockius LLP, New York, NY, Andrew V. Beaman, Chun Kerr LLP, Honolulu, HI, for Defendant-Appellee Deutsche Bank National Trust Company

David Bradley Rosen, Esquire, Attorney, The Law Offices of David B. Rosen, ALC, Honolulu, HI, for Defendant-Appellee The Law Office of David B. Rosen

Peter William Olson, Attorney, Christopher Tanega Goodin, Esquire, Attorney, Cades Schutte LLP, Honolulu, HI, David Bradley Rosen, Esquire, Attorney, The Law Offices of David B. Rosen, ALC, Honolulu, HI, for Defendant-Appellee David B. Rosen

Before: O'SCANNLAIN, TALLMAN, and M. SMITH, Circuit Judges.

## MEMORANDUM *

In these consolidated appeals, plaintiffs Lionel Lima, Jr., Barbara-Ann Delizo-Lima, Calvin Jon Kirby II, and Evelyn Jane Gibo (collectively, Plaintiffs) contend that defendants Deutsche Bank National Trust Company (Deutsche), U.S. Bank N.A. (U.S. Bank), and David B. Rosen and The Law Office of David B. Rosen (collectively, Rosen) violated Hawaii Revised Statutes (HRS) § 480-2, which prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce."

* This disposition is not appropriate for publication and is not precedent except as provided

The allegedly offending practices were undertaken in connection with nonjudicial foreclosure sales of Plaintiffs' homes wherein Deutsche and U.S. Bank were the mortgagees. Plaintiffs allege that the defendants engaged in the practice of (1) delivering limited warranty deeds to third-party auction purchasers, despite advertising that all auction purchasers would receive title through less valuable quitclaim deeds; and (2) postponing foreclosure sales, and thereafter holding such sales on unpublished dates, particularly when Rosen was involved in executing the sales.

Three issues raised in these appeals are identical to those raised in *Bald v. Wells Fargo Bank, N.A.*, No. 13-16622, a memorandum concerning which was filed April 24, 2017: (1) whether Plaintiffs have standing as "consumers" pursuant to HRS § 480-2; (2) whether defendants' practices of advertising sale by quitclaim deeds, and orally postponing auction sales, were unfair or deceptive within the meaning of HRS § 480-2; and (3) whether Plaintiffs sufficiently alleged injury and causation. For the reasons stated in the *Bald* memorandum disposition, we hold that (1) Plaintiffs have standing as consumers vis-à-vis Deutsche and U.S. Bank; and (2) Plaintiffs adequately pleaded that Deutsche's and U.S. Bank's advertising and postponement practices were unfair within the meaning of HRS § 480-2.

Two additional issues are raised in the appeals in this case: (1) whether Plaintiffs adequately alleged Deutsche's and U.S. Bank's liability; and (2) whether Plaintiffs stated a claim against Rosen. We hold that Plaintiffs adequately alleged Deutsche's and U.S. Bank's liability, but did not state a claim against Rosen.

by Ninth Circuit Rule 36-3.

■ **I.** Deutsche argues that the Lima First Amended Complaint (FAC) fails to adequately plead that Deutsche was responsible for the acts allegedly constituting HRS § 480-2 violations, or the existence of an agency relationship between Deutsche and anyone else with regard to the alleged conduct. However, Plaintiffs adequately alleged direct involvement by Deutsche, including that it (1) was the mortgagee and the sole holder of the power of sale for the Lima property, (2) exercised the rights of a mortgagee through a nominee for the Kirby Property, (3) caused the notice of sale to be published for the Kirby and Lima properties, (4) postponed the sale for the Kirby property, (5) advertised the Lima sale by quitclaim deed, and (6) provided a limited warranty deed to the successful bidder in the Lima property sale. To the extent Deutsche utilized the services of others to perform these acts, it is plausible that Deutsche is liable for those acts under an agency theory. *See Courbat v. Dahana Ranch, Inc.*, 111 Hawai'i 254, 141 P.3d 427, 436 n.10 (2006) (noting, in an HRS § 480-2 case, "that an owner is responsible for the representations of his agent made within the scope of his agent's selling authority").

■ Similarly, U.S. Bank argues that Plaintiffs failed to allege that U.S. Bank itself carried out the complained-of acts. U.S. Bank argues that the foreclosure-related acts described in Gibo's FAC were performed by loan servicers, not trustees for mortgage-backed securities trusts, such as U.S. Bank. U.S. Bank notes that the Gibo Mortgage stated that the "loan servicer" performs "mortgage loan servicing obligations under the Note," and cites a treatise and cases observing that loan servicers handle foreclosures. U.S. Bank further argues that Mortgage Electronic Registration Systems, Inc. was the mortgagee and that lawyers performed some of the foreclosure-related acts.

However, the recorded Notice of Mortgagee's Intention to Foreclose Under Power of Sale states that U.S. Bank is the mortgagee, and the Notice is signed by an officer of U.S. Bank. Similarly, the Mortgagee's Affidavit of Foreclosure Sale Under Power of Sale lists U.S. Bank as the mortgagee, swears that the signatory is "duly authorized to represent or act on behalf of US BANK NATIONAL ASSOCIATION AS TRUSTEE hereinafter 'foreclosing mortgagee,'" and details the acts taken in connection with the foreclosure, including the postponement of the auction and the eventual sale. Accordingly, U.S. Bank's argument that it was not responsible for the alleged acts is without merit. To the extent that others performed the acts, the FAC adequately alleges U.S. Bank's liability under an agency theory. *See Courbat*, 141 P.3d at 436 n.10.

■ **II.** Plaintiffs argue that they adequately stated an HRS § 480-2 claim against Rosen due to his involvement in the foreclosure sales. Recently, the Hawaii Supreme Court in *Hungate v. Law Office of David B. Rosen*, 139 Hawai'i 394, 391 P.3d 1, 20 (2017), held that the state circuit court properly dismissed the plaintiff's § 480-2 claim against Rosen, who acted as Deutsche's attorney in a nonjudicial foreclosure sale of the plaintiff's home where Deutsche was mortgagee. The Court concluded that allowing the plaintiff to sue Rosen, the attorney for the plaintiff's opponent, for alleged § 480-2 violations carried the potential that an attorney's representation of his client would be compromised by fear of suit from a party opponent. *Id.* at 19–20; *see also Buscher v. Boning*, 114 Hawai'i 202, 159 P.3d 814, 832 (2007) (noting that an attorney generally owes no duty to his clients' adversaries). The same logic applies here, where the

claims brought against Rosen were in connection with Rosen's work as an attorney for Plaintiffs' opponents in conducting nonjudicial foreclosures of Plaintiffs' homes. Accordingly, we affirm the dismissal of all claims against Rosen.

For the foregoing reasons, we **REVERSE** the district court's order granting the motion to dismiss with respect to claims against Deutsche and U.S. Bank, and **AFFIRM** dismissal with respect to claims against Rosen. We **REMAND** for proceedings consistent with this memorandum. Each party shall bear its own costs on appeal.

